UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a INTEGRATED SPORTS MEDIA,<br><br>      Plaintiff,<br><br>  v.<br><br>OTTO ALZZA, *et al.*,<br><br>      Defendants. | Case No. 19–cv–17884–CCC–ESK<br><br>OPINION AND ORDER |

**Kiel, U.S.M.J.**

    **PLAINTIFF**, upon the entry of default against defendants by the Clerk of the Court, has filed a motion for the entry of judgment by default against defendants (Motion For Entry) pursuant to Federal Rule of Civil Procedure 55(b)(2).  (ECF No. 9 through ECF No. 9–10.)  However, defendants oppose the Motion For Entry and have filed a cross-motion to set aside the entry of default (Cross-Motion To Set Aside) pursuant to Federal Rule of Civil Procedure 55(c).  (ECF No. 10 through ECF No. 10–5.)  Plaintiff opposes the Cross-Motion To Set Aside and has replied to defendants' opposition to the Motion For Entry.  (ECF No. 12 through ECF No. 12–7.)  In the reply, plaintiff makes a request (Bond Request) that "should this Court vacate the Default Judgment [sic], Plaintiff respectfully prays that the Court require Defendant to post a bond with the Court in the amount [of] $33,310.60 during the pendency of the litigation."  (ECF No. 12 at p. 18.)  This Court will resolve the Motion For Entry and the Cross-Motion To Set Aside upon review of the papers and without oral argument.  *See* L.Civ.R. 78.1(b).  This Court intends to: (1) grant the Cross-Motion To Set Aside; (2) deny the Motion For Entry; (3) deny the Bond Request; (4) set aside the default that has been entered against defendants; and (5) direct

defendants to separately file their answer within 7 days of the entry of this opinion and order. The reasoning for this holding is as follows:

1. Plaintiff alleges defendants have violated federal copyright laws by unlawfully exhibiting plaintiff's electronic broadcast of an international soccer match at defendants' restaurant without purchasing the required license from plaintiff. (ECF No. 1.)

2. The decision whether to set aside the entry of a default is within the discretion of the Court. *See Farnese v. Bagnasco*, 687 F.2d 761, 763–64 (3d Cir. 1982); *see also Handle v. Postmaster Gen., U.S. Postal Serv.*, 806 F.App'x 95, 100 (3d Cir. 2020) (holding the same). The entry of a default judgment is disfavored, and decisions on the merits are to be encouraged. *See Farnese*, 687 F.2d at 764; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F.App'x 519, 521–22 (3d Cir. 2006) (holding the same).

3. This Court finds that plaintiff will not be prejudiced if the default is set aside. *See Farnese*, 687 F.2d at 764. Even though plaintiff argues that its pursuit of this litigation has been delayed by defendants' conduct (*see* ECF No. 12 at pp. 8–10), this Court nonetheless finds that plaintiff's ability to pursue its claims against defendants will not be hampered. Also, even though the plaintiff argues "to begin again will force the plaintiff [to] incur additional costs," and that plaintiff "will incur significantly more unnecessary expenses" in this matter should the default be vacated (*id.* at p. 8), that is not a sufficient reason to permit the default to remain in place. *See Sourcecorp Inc. v. Croney*, 412 F.App'x 455, 460 (3d Cir. 2011) (in vacating an entry of a default judgment, holding "the costs associated with continued litigation normally cannot constitute prejudice").

4. This Court also finds that defendants have presented a litigable defense in the action. *See Farnese*, 687 F.2d at 764. Indeed, defendants argue "that no theft or depiction of the broadcast occurred." (*See* ECF No. 10–2 at p. 3; *see also id.* (arguing "defendants did not acquire plaintiff's copyrighted broadcast, nor did defendants display it in their restaurant," and that any image seen in the restaurant

"was a computer image from Latina public television Peru of the soccer game broadcast on the Latina public television network, and not obtained from Plaintiff's protected broadcast").) This Court acknowledges that plaintiff "vehemently disputes this blanket denial" and that plaintiff submits evidence in support of its argument concerning its claims against defendants (*see* ECF No. 12 at p. 13), but this presents a factual dispute that should be addressed through discovery and then, if necessary, either in a motion for summary judgment or during a trial on the merits. In fact, discovery has yet to be conducted in this case.

5. Additionally, this Court finds that the entry of default was not caused by the culpable conduct of defendants or its counsel, but was due to excusable neglect. *See Farnese*, 687 F.2d at 764. Defendants state that the delay was caused because the individual defendant "is from Peru and does not speak English," and "that he only learned the nature of the proceedings upon meeting with counsel." (*See* ECF No. 10–2 at pp. 4–5.) Furthermore, counsel for defendants appeared in this case within three weeks of when plaintiff filed its Motion For Entry. (*Compare* ECF No. 9 (the filing of the Motion For Entry), *with* ECF No. 10 (the filing of the Cross-Motion To Set Aside).) In further support of the Cross-Motion To Set Aside, defendants have submitted a proposed answer to the complaint. (*See* ECF No. 10–5.) Therefore, the Court finds that defendants' earlier failure to appear in the case was neither willful nor in bad faith.

6. Plaintiff also argues in its reply that defendants should be required to post a bond if this Court grants the Cross-Motion To Set Aside, but in doing so defendants appear to be under the mistaken impression that a default *judgment* has already been entered against defendants. (*See* ECF No. 12 at p. 17 (arguing that this Court must determine whether "Defendant has met his burden under Rule 60(b) … [before this Court] consents to vacating the Judgment").) Such relief might be merited if this Court were vacating a default judgment. *See DirecTV, LLC v. Alvarez*, No. 15–6827, 2017 WL 4284526, at *4 (D.N.J. Sept. 27, 2017) (ordering a defendant to post a bond as a condition for vacating a default judgment). However,

such relief would be excessive in an instance, such as this one, where a mere default entered by the Clerk of the Court is at issue. *See* Fed.R.Civ.P. 77(c)(2)(B) (authorizing the Clerk to enter default). In any event, the request for the imposition of a bond was improperly raised for the first time in plaintiff's reply, as opposed to in a separately-filed motion that would permit defendants to respond in an opposition brief, and thus it is not necessary for this Court to address it. *See Reap v. Cont'l Cas. Co.*, 199 F.R.D. 536, 550 n. 10 (D.N.J. 2001) (holding it is improper for a party to raise a new argument for relief in a reply brief). Accordingly,

**IT IS** on this   **1st** day of **September 2020**   **ORDERED** that:

1. Defendants' cross-motion to set aside the entry of default (**ECF No. 10**) is **GRANTED**.

2. Plaintiff's motion for the entry of judgment by default (**ECF No. 9**) is **DENIED**.

3. Plaintiff's request for the imposition of a bond (**ECF No. 12**) is **DENIED**.

4. The default that has been entered against defendants (ECF entry following ECF No. 8) is **SET ASIDE**.

5. Defendants are granted leave, and directed, to separately file their answer within 7 days of the entry of this opinion and order.

                                                             */s/ Edward S. Kiel*
                                                  **EDWARD S. KIEL**
                                                  **UNITED STATES MAGISTRATE JUDGE**